**Santos Edy SOTO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74562.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 21, 2006.

---

Elsa I. Martinez, Esq., Martinez Goldsby & Associates, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., Jennifer L. Lightbody, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

## MEMORANDUM **

Santos Edy Soto, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's denial of his application for cancellation of removal for failure to establish ten years of continuous physical presence in the United States, as required by 8 U.S.C. § 1229b(b)(1)(A). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Soto contends that the immigration judge erred in finding that he voluntarily departed in 1995, rather than 1992. This finding was supported by substantial evidence because Soto twice testified that he voluntarily departed following his arrest in 1995. *See Lopez–Alvarado v. Ashcroft,* 381 F.3d 847, 850–51 (9th Cir.2004).

Soto also contends that his voluntary departure should not have interrupted his continuous physical presence. This contention is foreclosed by *Vasquez–Lopez v. Ashcroft,* 343 F.3d 961 (9th Cir.2003) (per curiam). *Cf. Tapia v. Gonzales,* 430 F.3d 997, 1000 (9th Cir.2005) (distinguishing administrative voluntary departure from being turned away at border).

**PETITION FOR REVIEW DENIED**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.